## COMMONWEALTH *vs.* JOHN MEHAN.

A complaint for a sale of intoxicating liquor to John Hemessey is not supported by evidence of a sale to John Hennessey, if the jury do not find that the two names are usually sounded alike.

METCALF, J. The defendant was found guilty, by a justice of the peace, on a complaint charging him with an unlawful sale of intoxicating liquor to John Hemessey. He appealed to the court of common pleas; and on a trial in that court the evidence was that the sale was to John Hennessey. The defendant objected that the offence proved was not the same with which the complaint charged him. The court instructed the jury, " that if they should find the defendant guilty, it must be for the same offence of which he was tried and convicted by the magistrate; that it was for them to say whether the sale testi-

fied to was the offence for which he was tried and convicted before the magistrate; and that if they were satisfied that he was tried and convicted before the magistrate for this same offence, they would, if they believed the witness, find the defendant guilty." The jury returned a verdict of guilty, and the defendant alleged exceptions to these instructions.

We are of opinion that the instructions were not such as the case required. It was necessary to the conviction of the defendant in the court of common pleas, that he should be proved guilty of the offence charged in the complaint, namely, an unlawful sale to John Hemessey. The testimony showed a sale to John Hennessey, which was, *prima facie*, a different offence from that which the complaint charged.

The name of the person against whom an offence is committed, or of the person whose existence is legally necessary to the identity of the charge made in an indictment or complaint, must be proved as therein set forth. Thus the name of the person on whom a battery is alleged to have been committed, or from whom goods are alleged to have been stolen, or in whose dwelling-house a burglary is alleged to have been committed, must be set forth in an indictment for a battery, a larceny or a burglary. And the name, as set forth, must be proved at the trial; otherwise, the defendant cannot be convicted. If it is proved that the person has a different name from that which is set forth, there is a variance between the allegation and the proof, and the defendant must be acquitted for that reason. Rosc. Crim. Ev. (2d Amer. ed.) 388. 2 Russ. on Crimes, (7th Amer. ed.) 788, 789. Archb. Crim. Pl. (13th ed.) 176, 177. These rules are applied to complaints and indictments which allege the sale of intoxicating liquor to a person whose name is proved, on the trial, to be different from that which the complaint or indictment stated it to be. *Commonwealth* v. *Shearman*, 11 Cush. 546. *Commonwealth* v. *Brown*, 2 Gray, 358. In all these cases, however, if the name proved differ only in spelling from that in the indictment or complaint, but has the same sound — that is, if the two names are usually sounded alike by those among whom the person resides — the variance is

immaterial. Whether they are thus sounded alike is a question of fact for the jury, and not of law for the court. *Regina* v. *Davis*, 2 Denison C. C. 231; 5 Cox C. C. 237; and 4 New Sessions Cas. 611.

As the instructions in this case did not bring to the minds of the jurors the question whether the name of Hemessey has the same sound as the name of Hennessey, but rather left them to suppose that the difference between the names was to be entirely disregarded by them, a new trial must be ordered.

*Exceptions sustained.*

*E. Ripley*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.